IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZINA ROBINSON | : | CIVIL ACTION |
| v. | : | |
| HOME GOODS, INC., TJX COMPANIES | : | NO. 23-1945 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                          **August 22, 2023**

Defendants move to dismiss this personal injury action for improper venue under Federal Rule of Civil Procedure 12(b)(3), or to transfer it to the district where it arose pursuant to 28 U.S.C. § 1404.[1] Venue is proper in this district where the defendants are subject to personal jurisdiction. Because the parties and witnesses will not be inconvenienced if the action is tried in either the Eastern District of Pennsylvania or the District of New Jersey, we decline to disturb the plaintiff's choice of forum. Therefore, we shall deny the motion.

Plaintiff Zina Robinson, a Pennsylvania resident, was injured when she sat on a bench that collapsed at a Home Goods store in Cherry Hill, New Jersey.[2] Home Goods, Inc. and TJX Companies are Delaware corporations with principal places of business in Massachusetts.[3] They operate retail stores in Cherry Hill, New Jersey and Philadelphia, Pennsylvania.[4]

---

[1] Memo. of Law in Supp. of Mot. to Dismiss and Transfer at 6-9, ECF No. 9-2 (attached to Mot. to Dismiss and Transfer, ECF No. 9) ["Mot. to Dismiss"].

[2] Compl. ¶¶ 4, 6, ECF No. 1 (attached to Notice of Removal, ECF 1).

[3] Notice of Removal ¶ 9, ECF No. 1.

[4] Compl. ¶¶ 2, 3.

In diversity cases, venue is determined as follows:

(1) where all defendants reside in the same state, the district where any defendant resides; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and (3) in the case where there is no other district in which the action can be brought, the district where a defendant is subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(b).

In order to conduct business in Pennsylvania, a foreign corporation is required to register with the Secretary of State. 15 Pa. Cons. Stat. §§ 102, 411(a). Pennsylvania's long-arm statute provides that registration as a foreign corporation in the state "constitute[s] a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over" it. 42 Pa. Cons. Stat. § 5301(a)(2)(i). A foreign corporation's registration "carries with it consent to be sued in Pennsylvania courts." *Bane v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991). Recently, in *Mallory v. Norfolk Southern Railway Co.,* the Supreme Court held that "Pennsylvania law is explicit that 'qualification as a foreign corporation' shall permit state courts to 'exercise general personal jurisdiction' over a registered foreign corporation, just as they can over domestic corporations." 143 S.Ct. 2028, 2037 (2023) (citing 42 Pa. Cons. Stat. § 5301(a)(2)(i)).

Because the defendant corporations consented to jurisdiction when they registered to do business in Pennsylvania, they are deemed residents of Pennsylvania and the Eastern District of Pennsylvania for purposes of venue. Hence, venue in this district is proper under 28 U.S.C. § 1391(c)(2).

The defendants have alternatively moved to transfer venue under 28 U.S.C. § 1404. A defendant moving for transfer of venue bears the burden of demonstrating that: (1) the case could have been brought initially in the proposed district; (2) the proposed

2

district will be more convenient for the parties and the witnesses; and (3) transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 401 (3d Cir. 2017) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 & n.6 (2013).

Robinson could have brought this action in the District of New Jersey. Her cause of action arose there where she was injured. 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in--a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…".). Having determined that this action could have been brought in that district, we must weigh the relevant public and private interests.

Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship of the jury and the community. *Howmedica*, 867 F.3d at 402. Depending on the nature and facts of the case, these factors overlap and are intertwined.

The defendants seek to transfer this action to the neighboring District of New Jersey. The Mitchell H. Cohen U.S. Courthouse in Camden, located at Fourth and Cooper Streets, is two and a half miles and seven minutes driving time from the James A. Byrne, Jr., U.S. Courthouse in Philadelphia.[5] The two courthouses are within sight of each other.

The proximity of the two courthouses neutralizes all but one of the private interests—the plaintiff's choice of forum. The parties and witnesses will not be inconvenienced, compulsory process will remain available, access to the sources of proof and the costs to the parties will not be impacted if the case is litigated in either district.

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Jumara*, 55 F.3d at 879 (observing that "plaintiff's choice of venue should not be lightly disturbed") (citation omitted). Robinson chose her home forum, the Eastern District of Pennsylvania. Her preference receives even greater deference because it is her home forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256 (1981).

Defendants prefer the District of New Jersey.[6] They argue that the plaintiff's choice of forum is offset by their preference of forum. They are wrong. A plaintiff's preference may be disturbed only when "the balance of convenience of the parties is strongly in favor of [the] defendant[s]." *Shutte*, 431 F.2d at 24-25. Because the other private interests are neutral, there is no reason to disturb the plaintiff's choice of forum.

---

[5] Driving Directions from the James A. Byrne, Jr., U.S. Courthouse to the Mitchell H. Cohen U.S. Courthouse, GOOGLE MAPS, http://maps.google.com (follow "Directions" hyperlink; then search starting point field for "US Court House, 601 Market St" and search destination field for "Mitchell H. Cohen United States Courthouse").

[6] Mot to Dismiss at 1.

The public interest factor supports the plaintiff's choice of forum. The relative congestion of the dockets in the districts militates against transfer and favors plaintiff's chosen forum. The District of New Jersey docket is more congested. As of June 30, 2023, the District of New Jersey had an average of 3,732 pending civil cases per judgeship.[7] The Eastern District of Pennsylvania had an average of 371 pending civil cases per judgeship. The time from filing to disposition of a civil case in the District of New Jersey is 10.8 months, and 7.7 in the Eastern District of Pennsylvania.

Because the private interests do not warrant disturbing Robinson's preference to litigate in her home forum and the public interests favor the Eastern District of Pennsylvania, we shall deny the motion to dismiss or to transfer this cause of action.

---

[7] U.S. District Courts, Combined Civil and Criminal Federal Court Management Statistics, National Judicial Caseload Profile (June 30, 2023) https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2023.pdf.